**Germaine Sarah LAWRENCE and George R. Neely, Appellants,**

v.

**Ronald J. KOHL, Appellee.**

**No. 01–92–00133–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 8, 1993.

**698**

George R. Neely, Houston, pro se.

Germaine Sarah Lawrence, Houston, pro se.

Elinor M. Walters, Houston, for appellee.

Before SAM BASS, DUNN and WILSON, JJ.

## OPINION

DUNN, Justice.

Germaine Sarah Lawrence and her attorney, George R. Neely, appeal from an order granting sanctions against Neely, and from an order holding Lawrence in contempt for failure to pay child support. We affirm in part, and reverse and remand in part.

Lawrence alleges various trial court errors in conjunction with a written agreed judgment for child support arrearages that did not correctly reflect the agreement rendered orally. Neely argues that the trial court erred and abused its discretion in imposing sanctions on him under rule 13 of the Texas Rules of Civil Procedure.

The facts of this case are lengthy, and arise initially from a post-divorce motion to modify the conservatorship of the minor children of Lawrence and Kohl. On October 17, 1990, the trial court entered an order for temporary child support of $387.50 per month, payable by Lawrence to Kohl. Lawrence was also enjoined from withdrawing or transfering any funds from her 401K retirement account. On March 25, 1991, Kohl filed a motion for enforcement of child support, alleging Lawrence was in arrears. This motion was amended on June 5, 1991, to bring the amount of the arrearage current. Lawrence responded to the first motion on May 17, 1991, in which she raised the affirmative defense of inability to pay. On June 19, 1991, Lawrence filed a motion for contempt and to enforce order for payment of health insurance benefits against Kohl, and a motion to modify the trial court's order for temporary child support, again alleging inability to pay.

While these events were transpiring, Lawrence's now-former employer, Vinson and Elkins, filed an interpleader action in federal court. Faced with the competing claims of Lawrence and Kohl for the funds in the 401K plan, Vinson and Elkins sought, and obtained on June 4, 1991, an order allowing the deposit of the 401K funds into the registry of the court.

On August 14, 1991, Kohl filed a third amended motion to enforce the child support order. On behalf of Lawrence, Neely filed a response to which he attached a proposed order awarding sanctions of $2,500.00 to her against Kohl and his attorney, Elinor M. Walters. Concurrently, Lawrence filed a motion for emergency enforcement of the restraining order in the pending interpleader action in federal court. An emergency hearing was held in federal court on August 14, 1991, and Kohl was enjoined from any further efforts to enforce the child support order by claiming Lawrence's 401K funds. On August 15, 1991, Kohl amended his motion to enforce the child support order to reflect his compliance with the federal court order.

On August 22, 1991, the proposed order submitted by Neely with Lawrence's response to Kohl's third amended motion to enforce was signed by Judge Allen Daggett. The circumstances under which the order was given to Judge Daggett to sign are unexplained, but the order was entered without notice or hearing to Kohl. Kohl's attorney discovered the order in the court file, and on September 11, 1991, filed a motion to set aside the sanction order, and sought rule 13 sanctions against Neely.

On October 4, 1991, a hearing was held, and an order was entered setting aside the August 22, 1991, order for sanctions against Kohl.

After the hearing, Lawrence and Kohl reached an agreement settling the child support issues. On October 22, 1991, the parties appeared and announced the agreement to the court. Walters, Kohl's attorney, stated the agreement for the record, both Lawrence and Kohl stated their agreement for the record, and the court orally rendered the judgment.

On October 24, 1991, the attorneys for Lawrence and Kohl appeared before Judge Allen Daggett for the hearing on Kohl's motion for sanctions against Neely. Following the hearing, the court sanctioned Neely $3,750.00, representing the fees incurred by Walters in setting aside the August 22, 1991, sanctions order erroneously signed by Judge Daggett.

On November 12, 1991, Kohl moved to enter the agreed judgment orally rendered by the court on October 22, 1991, and the order, as prepared by Walters, was entered on December 23, 1991. It is this order about which Lawrence complains in her first points of error. In the last points of error, Neely argues factual insufficiency of the evidence supporting the order for which sanctions were imposed on him, as well as abuse of discretion by the trial court.

■ Findings of fact in a case tried to the court have the same force and dignity as a jury's verdict upon special issues. *City of Clute v. City of Lake Jackson*, 559 S.W.2d 391, 395 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.). The trial court's findings of fact are reviewable for legal and factual sufficiency of the evidence to support them by the same standards as are applied in reviewing the legal or factual sufficiency of the evidence supporting a jury's answer to a jury question. *Okon v. Levy*, 612 S.W.2d 938, 941 (Tex. Civ.App.—Dallas 1981, writ ref'd n.r.e.); *First Nat'l Bank v. Kinabrew*, 589 S.W.2d 137, 146 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.). Although a trial court's conclusions of law may not be challenged for factual insufficiency, the trial court's conclusions drawn from the facts may be reviewed to determine their correctness. *Mercer v. Bludworth*, 715 S.W.2d 693, 697 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.).

■ A trial court may impose sanctions against attorneys for pleadings, motions, or other papers filed in bad faith or which are groundless and have no basis in law or fact. Tex.R.Civ.P. 13. Pursuant to rule 13, the trial court shall, in its discretion, impose an appropriate sanction if it determines after notice and hearing that the attorney has violated the rule. The rule further provides that the court may impose any appropriate sanction available under rule 215(2)(b), including the assessment of attorney fees. Tex.R.Civ.P. 215(2)(b)(8).

■ The abuse of discretion standard for the assessment of sanctions was articulated by the Texas Supreme Court in *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238 (Tex.1985). The test is not whether the facts present an appropriate case for the trial court's action, but rather whether the court acted without reference to any guiding rules and principles. *Id.* at 241–42. The trial court's discretion is limited only by the requirement that its order be just and that the sanction imposed be specifically related to the harm done by the sanctioned conduct. *Ray v. Beene*, 721 S.W.2d 876, 879 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). The appellate court may not substitute its judgment for that of the trial court. *Id.* To establish a clear abuse of discretion, it must be shown that the trial court's action was arbitrary or unreasonable in light of all the circumstances in the particular case. *McRae v. Guinn Flying Services*, 778 S.W.2d 189, 191 (Tex.App.—Houston [1st Dist.] 1989, no writ).

■ Various points of error relate to the October 25, 1991, order of Judge Daggett sanctioning Neely for his conduct in conjunction with the August 21, 1991, order erroneously signed by Daggett. Neely argues in points of error 10, 11, 12, 15, 18, 19, and 20 that there was no, or insufficient

evidence, to support a finding that his conduct merited the sanctions imposed by the trial court. The record reflects that Neely admitted to the court that he had submitted, and approved as to form, the order awarding him sanctions from Kohl and his attorney. The court further found that, once the error had been discovered, Neely failed to come forward to request that the order be set aside, and instead waited until the bench conference on October 4, 1991, to agree that an error had been made by the court. These findings, articulated in the order, are supported by the affidavit of Elinor Walters, by the statement of facts from the bench conference of October 4, 1991, and by the statement of facts from the hearing on the motion for sanctions on October 24, 1991. As the trial court is granted broad discretion in the determination and levy of sanctions, the trial court's action is neither arbitrary or unreasonable in light of all the circumstances. *See Downer v. Aquamarine Operations, Inc.,* 701 S.W.2d at 241–42; *Ray v. Beene,* 721 S.W.2d at 879; *McRae v. Guinn Flying Services,* 778 S.W.2d at 191.

■ In points of error 14 and 24, Neely argues that the sanction imposed by the court for his failure to assist the court is not authorized under rules 13 and 215(2)(b). Tex.R.Civ.P. Rule 13 [1] authorizes the imposition of any appropriate sanction available under rule 215(2)(b) in the event that the court finds an attorney or party to have violated rule 13. Rule 215(2)(b)(8), addressing discovery matters, authorizes the imposition of "the reasonable expenses, including attorney fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Tex.R.Civ.P. 215(2)(b)(8).

In ordering the sanctions against Neely, the court did not articulate the authority upon which the sanctions were based. While sanctions under these facts are not expressly authorized by rules 13 and 215, we find the reasoning of the court in *Kutch*

*v. Del Mar College,* 831 S.W.2d 506 (Tex. App.—Corpus Christi 1992, no writ), persuasive. The *Kutch* court was asked to rule on the appropriateness of the trial court's dismissing, with prejudice, the plaintiff's cause of action. In determining whether the court could impose such a sanction, the court of appeals followed federal authorities and recognized a trial court's inherent power in its administration of justice. *Id.* at 510.

This power was first articulated in *Eichelberger v. Eichelberger,* 582 S.W.2d 395, 398 (Tex.1979), when the supreme court recognized the inherent powers of a court, not derived from specific legislation or constitutional provisions, but necessary for the exercise of the court's jurisdiction, administration of justice, and the preservation of the court's independence and integrity. However, the *Kutch* court noted, and we agree, there are limitations to this inherent power of the court. 831 S.W.2d at 510. The power to sanction exists only to "the extent necessary to deter, alleviate, and counteract bad faith abuse of the judicial process, such as any significant interference with the traditional core functions of Texas courts." *Id.* This defines the initial limitation; there must be some evidence and factual findings that the conduct complained of significantly interfered with the court's legitimate exercise of one of the enumerated core functions. *Id.* There are other limitations as well, defined by due process considerations. *Id.* at 511.

The *Kutch* court's analysis concluded that an abuse of discretion standard should apply to an appellate court's examination of the trial court's actions pursuant to its inherent power. *Kutch,* 831 S.W.2d at 512. We agree. In so doing, the appellate court must review the entire record and view the evidence most favorably to the trial court's ruling. *Id.; Vaughn v. Texas Emp. Comm'n,* 792 S.W.2d 139, 143 (Tex.App.— Houston [1st Dist.] 1990, no writ). Under the court's inherent power to administer, we find it did not abuse its discretion in

---

**1.** Rule 13 of the Texas Rules of Civil Procedure authorizes the award of sanctions against an attorney who signs a pleading, motion, or other paper containing groundless or false claims, or is for the purpose of delay.

sanctioning Neely for his refusal to help rectify the erroneous order.

This case is distinguishable from *Owens–Corning Fiberglas Corp. v. Caldwell,* 807 S.W.2d 413 (Tex.App.—Houston [1st Dist.] 1991, orig. proceeding). In *Owens–Corning* this Court was presented with an order tracking the language of rule 215(3), that sanctioned the relator, Owens–Corning, $2,500,000 in fines, and $160,000 in attorney's fees. We found then that the language of TEX.R.CIV.P. 215(3) did not authorize the fines imposed upon Owens–Corning and we conditionally issued a writ of mandamus.[2] *Id.* at 414–16. Additionally, the issue directly presented to this Court by the real parties in interest was the court's power to sanction based upon its contempt power. We found no evidence that contempt was the basis for the sanctions, and therefore analyzed the facts as we did.

In the case before us, the court's order did not refer to a specific rule as support for its ruling. Therefore, we are able to determine whether the order was appropriate under the court's inherent power to administer. We find that it was appropriate.

Points of error 14 and 24 are overruled.

The discussion of the remaining points of error does not meet the criteria for publication, TEX.R.APP.P. 90, and is thus ordered not published. The judgment is affirmed in part, reversed and remanded in part.

---

**2.** We note that this analysis may be different in light of *Braden v. Downey,* 811 S.W.2d 922, 928–29 (Tex.1991).