Opinion issued August 8, 2002











 





In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00394-CV

____________


IN RE JOHN OVERTON, Relator








Original Proceeding on Petition for Writ of Mandamus






O P I N I O N

 Relator, John W. Overton, has filed a petition for writ of mandamus
complaining of a February 15, 2000 order of Judge Bradshaw-Hull. Among other
things, the trial court's order directed Overton to report to the regional counsel for the
State Bar of Texas "for referral and/or enrollment in any appropriate professional
enhancement program."

 Overton presents four issues, arguing the trial court abused its discretion by (1)
sanctioning him without notice or hearing, in violation of his due process rights, (2)
ordering him to enroll in a professional enhancement program, which is not a sanction
authorized by statute, (3) ignoring his age exemption from the State Bar's annual
continuing legal education requirements, and (4) giving no specific reason for its
sanction against relator other than "in view of his conduct."

 We conditionally grant the petition for mandamus relief.

Factual and Procedural Background


 Overton represented the estate of Eustace E. Hudson and its representatives,
Doris Hudson Prescod and Yvonne Prescod Mayberry, in the probate of the Hudson
estate and in an underlying condemnation proceeding. The proceeds from the
condemnation award were paid into the registry of the trial court, subsequently
withdrawn in their entirety, and then distributed to Hudson's heirs through her estate
in 1992. In 1993, the Hudson estate was closed.

 In 1999, attorney Richard Grealish filed a motion seeking to withdraw funds
from the court registry on behalf of Doris Hudson Prescod and Unclaimed Assets,
Inc. On April 13, 1999, the trial court signed an order granting the motion and
approving the withdrawal of $38,680.91 from the court registry. Overton testified he
did not learn of the trial court's second withdrawal order until August 20, 1999. "On
or about" November 15, 1999, after Overton was unable to locate and review his
stored files pertaining to the Hudson estate, he notified the Harris County Auditor and
the Harris County Clerk of the possible error in approving the second withdrawal.

 The trial court subsequently initiated proceedings to attempt to locate and
retrieve the erroneously disbursed funds. The court ordered Grealish, Prescod, the
beneficiaries of the Hudson estate, and representatives of Unclaimed Assets, Inc. to
appear and show cause why they should not be sanctioned for receiving the
improperly disbursed funds. Overton received notice of these orders and appeared
at all three of the trial court's hearings concerning this matter.

 At the trial court's hearing on January 12, 2000, the following exchange
occurred:

 THE COURT: I don't know why Metro didn't go over and get the
money that they were entitled to. I don't know why
money that was escheated to the estate was sent
back. I don't know why the computer showed the
money in the registry of the court when I signed the
order. I don't know. But the reality is I now know
what happened and we've got to make it right. 
We've got to make it right. It's very simple. We're
going to figure this out. All right? No matter how
long it takes. No matter how long it takes. But I
would hope that from this experience everybody
knows if there's a problem, you don't wait and then
call the Clerk's office. As an officer of the court,
you come immediately.


 MR. OVERTON: Your Honor -


 THE COURT: Mr. Overton, there is just nothing you can say to
dispel this obligation under oath.


 MR. OVERTON: It's a matter of timing, your Honor.


 THE COURT: You're absolutely correct, which is something in my
mind that is a very strange situation from your point.


 MR. OVERTON: Which would allow me no time to conduct an
investigation.


 THE COURT: Sir, the investigation wasn't your responsibility
alone. But it was your responsibility to bring it to
the Court's attention and the Clerk's office
immediately. The delay probably is part of the
problem here today.


 . . . .


 MR. OVERTON: I'm down here wasting my time because I blew the
whistle and I blew it a little later than the Court
expected me to.


 THE COURT: This Court was never put on attention. It was not
brought to the Court's attention until the Clerk
notified me. This is a mistake you will never forget.


At the February 1, 2000 hearing, the following exchange occurred:


 THE COURT: . . . [B]ased on certain situations I feel that I have to
make certain referrals to the Professional
Enhancement Program for both you, Mr. Grealish,
and you[,] Mr. Overton. I'm going to therefore enter
an order that you produce yourselves to the Chief
Disciplinary Counsel's office here locally in
Houston through the Bar Association . . . . We'll set
a compliance date. At that time I would like to make
sure there's some certification that you're involved
in an appropriate mechanism where there is the
professional enhancement program or some other
program that region Counsel sees as appropriate in
this matter.


 . . . .


 MR. OVERTON: Your Honor, may I respectfully ask a statement from
the Court why the Court has ordered me to do that?


 THE COURT: I think the record of the last several hearings
indicates that there is a problem and I for one want
to make sure that we get that managed appropriately
and the duties of an officer of the court, I don't want
any confusion about that, Mr. Overton, Mr. Grealish. 
I don't want any confusion about that. Okay.


 MR. OVERTON: That's the reason I'm asking the question, [y]our
Honor. Has there been a formal complaint filed
against me?


 THE COURT: No, sir, this is pursuant strictly to this sanction
which I think is appropriate.


 MR. OVERTON: And for what? For what reason has the Court
ordered me to do this?


 THE COURT: Because as you've already put in the record there
was a substantial period of time that went by without
you advising the Court your [sic] concerns.


 Following its hearings, the trial court signed an order on February 15, 2000
sanctioning Grealish, Yvonne Prescod Mayberry, and Unclaimed Assets, Inc. and
ordering them held "jointly liable" for the sums erroneously withdrawn, plus interest. 
The trial court also ordered Grealish and Overton to report, within seven days of the
date of the order, to the regional counsel for the State Bar of Texas "for referral
and/or enrollment in any appropriate professional enhancement program." (1)

 Relator filed an interlocutory appeal from the trial court's order in March of
2000. This Court dismissed that appeal for want of jurisdiction. See Overton v.
Metro. Transit Authority, No. 01-00-00354-CV (Tex. App.--Houston [1st Dist.]
April 5, 2001, no pet.) (not designated for publication). Overton subsequently filed
a petition for writ of mandamus. (2)

Standard of Review


 Overton contends the trial court abused its discretion in sanctioning him and
seeks a writ of mandamus vacating that portion of the trial court's February 15, 2000
order.

 Mandamus will issue only to correct a clear abuse of discretion or a violation
of a duty imposed by law when that abuse cannot be remedied by appeal. Jack B.
Anglin Co., Inc. v. Tipps, 842 S.W.2d 266, 271 (Tex. 1992). A trial court abuses its
discretion when it fails to analyze or apply the law correctly. Walker v. Packer, 827
S.W.2d 833, 840 (Tex. 1992). Mandamus is an extraordinary remedy, not issued as
a matter of right, but at the discretion of the court. Rivercenter Assocs. v. Rivera, 858
S.W.2d 366, 367 (Tex. 1993); In re Little, 998 S.W.2d 287, 289-90 (Tex.
App.--Houston [1st Dist.] 1999, original proceeding).

 A trial court's decision to impose sanctions is reviewed for an abuse of
discretion. Dyson Desendant Corp. v. Sonat Exploration Co., 861 S.W.2d 942, 950
(Tex. App.--Houston [1st Dist.] 1993, no writ). A trial court abuses its discretion
when it acts without reference to any guiding legal rules or principles or misapplies
the law to the established facts of the case. Id. We will overturn a trial court's
imposition of sanctions when it is based on an erroneous view of the law or a clearly
erroneous assessment of the evidence. Home Owners Funding Corp. of Am. v.
Scheppler, 815 S.W.2d 884, 889 (Tex. App.--Corpus Christi 1991, no writ); see
Cooter & Gell v. Hartmax Corp., 496 U.S. 384, 405, 110 S. Ct. 2447, 2461 (1990). 
In making our determination on this issue, we must indulge every legal presumption
in favor of the trial court's ruling and view the evidence in the light most favorable
to the trial court's ruling. Hatteberg v. Hatteberg, 993 S.W.2d 522, 526 (Tex.
App.--Houston [1st Dist.] 1994, no writ). A mere error in judgment by the trial court
does not constitute an abuse of discretion. Bradt v. Sebek, 14 S.W.3d 756, 761 (Tex.
App.--Houston [1st Dist.] 2000, pet. denied).

Due Process


 In his first issue, Overton argues the trial court abused its discretion in
sanctioning him without proper notice and hearing, in violation of his due process
rights. (3)

 The trial court did not specify, in its February 15, 2000 order, the rule or statute
under which it sanctioned Overton. The trial court's two show cause orders state that,
upon its own motion, the trial court initiated the proceedings "in accordance with
Chapter 10 of the Texas Civil Practices and Remedies Code." See Tex. Civ. Prac.
& Rem. Code Ann. §§ 10.001 -.006 (Vernon Supp. 2002). However, this chapter
addresses the imposition of sanctions against persons who sign frivolous pleadings
and motions. See id. at § 10.002(b). Here, Overton did not sign or file any pleadings
or motions with the trial court before he was sanctioned.

 Additionally, a trial court is required to provide a party subject to sanctions
under chapter 10 with proper notice of the allegations against it and a reasonable
opportunity to respond. Id. at § 10.003. Here, Overton received notice of the trial
court's show cause orders and attended all hearings concerning this matter. However,
the trial court's show cause orders did not name Overton as a subject of the
proceedings, did not require him to justify his conduct to the trial court, presented no
allegations of improper conduct against him, and did not indicate that he was subject
to being sanctioned.

 During the hearings on the matter, the trial court also indicated it was imposing
sanctions based on its inherent power to do so. A trial court has the inherent power,
upon proper notice and hearing, to discipline the behavior of attorneys and may
impose sanctions on its own motion where appropriate. Tex. Gov't Code Ann. §
82.061(a) (Vernon 1998); In re Bennett, 960 S.W.2d 35, 40 (Tex. 1997); Lawrence
v. Kohl, 853 S.W.2d 697, 700 (Tex. App.--Houston [1st Dist.] 1993, no writ).

 We hold that, in the absence of proper notice to Overton, the trial court abused
its discretion in sanctioning him under either chapter 10 of the Civil Practices and
Remedies Code or the court's inherent power.

 Accordingly, we sustain Overton's first issue. Because we sustain this issue,
we need not consider Overton's remaining issues.


Conclusion


 We conditionally grant Overton's petition for mandamus relief. We will issue
the writ only if the trial court does not vacate the portion of its February 15, 2000
order sanctioning Overton. See Tex. R. App. P. 52.8(c).



 Terry Jennings

 Justice



Panel consists of Justices Mirabal, Hedges, and Jennings.


Do not publish. Tex. R. App. P. 47.

1. We note the trial court's February 15, 2000 order also sets a date for a
"compliance hearing" to be held on April 3, 2000. We have no record from
such hearing, if any was conducted.
2. This Court ordered the respondent and real parties in interest to file responses,
if any, to the petition. See Tex. R. App. P. 52.8. No responses have been filed.
3. U.S. Const. amend. XIV.