Opinion issued October 31, 2002









 







In The

Court of Appeals

For The

First District of Texas






NO. 01-00-00754-CV






GRACE TRUDY G. CRAMER, EXECUTRIX FOR THE ESTATE OF WILLIAM
R. CRAMER, DECEASED, RANDALL CHAPMAN, AND KARL J. CRAMER,
Appellants


V.


LEONARDO ORTIZ AND CONSUELO ORTIZ, Appellees






On Appeal from the 234th District Court

Harris County, Texas

Trial Court Cause No. 1999-44786






O P I N I O N 


 Appellants complain, in one point of error, that the trial court erred when it
failed to assess additional sanctions against appellees under Chapter 9 of the Texas
Civil Practice & Remedies Code. We affirm.

BACKGROUND FACTS AND PROCEDURAL HISTORY

 Appellants agreed to sell appellees a house, and they entered into an
installment contract. Appellees defaulted, and the contract was rescinded.

 The parties then signed a residential lease agreement covering the same 
property. When appellees defaulted, appellants filed eviction proceedings. During
the pendency of the eviction proceedings, appellees filed this lawsuit in district court
asserting an ownership interest in the disputed property. Appellants filed a motion
for summary judgment, and a motion for sanctions under Texas Civil Practice &
Remedies Code sections 9.011 and 9.012. Tex. Civ. Prac. & Rem. Code Ann. §§
9.011, 9.012 (Vernon Supp. 2002). The trial court signed an order granting summary
judgment that states, in part:

[T]he Court finds that Defendants are entitled to summary
judgment, that Plaintiffs' claims should be dismissed, that there
are no material fact issues, that Defendants are entitled to
judgment as a matter of law, and that Plaintiffs' claims were
groundless and brought in bad faith, and it is therefore


ORDERED, ADJUDGED AND DECREED that Plaintiffs'
claims are hereby dismissed in their entirety, with prejudice, and
Defendants shall recover their costs herein. 


 The trial court crossed out a paragraph in the order dealing with the setting of
a hearing for appellants to present evidence as to sanctions and attorney's fees.

DISCUSSION


 In appellant's sole point of error, they complain the trial court erred in failing
to assess attorney's fees and sanctions against appellees and their attorney.

 As a general rule, we review a trial court's decision with regard to imposing
sanctions for an abuse of discretion. GTE Communications Sys. Corp. v. Tanner, 856
S.W.2d 725, 730-32 (Tex. 1993,orig. proceeding); Laub v. Pesikoff, 979 S.W.2d 686,
694 (Tex. App.--Houston [1st Dist.] 1998, pet. denied); Lawerence v. Kohl, 853
S.W.2d 697, 699 (Tex. App.--Houston [1st Dist.] 1993, no writ). Under section
9.012 of the Civil Practice and Remedies Code, a trial court is authorized to assess
one or more of the following sanctions against an offending party:

(1) the striking of a pleading or the offending portion thereof;


(2) the dismissal of a party; or 


(3) an order to pay to a party who stands in opposition to the
offending pleading the amount of the reasonable expenses
incurred because of the filing of the pleading including costs,
reasonable attorney's fees, witness fees, fees of experts, and
deposition expenses. 


Tex. Civ. Prac. & Rem. Code Ann. § 9.012(e) (Vernon Supp. 2002). 


 In the present case, the trial court chose to assess sanctions in the form of
dismissing appellees' suit with prejudice. Section 9.012(e) does not require the trial
court to assess additional sanctions. No abuse of discretion has been shown.

 We overrule appellants' sole point of error.

 We affirm the trial court's judgment.



 Margaret Garner Mirabal

 Justice


Panel consists of Justices Mirabal, Nuchia, and Price. (1)

Do not publish. Tex. R. App. P. 47.4.
1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.