COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-02-205-CV
 
  
PETRA 
MAUREEN STRATTON                                                 APPELLANT
  
V.
  
CHARLES 
PHILIP STRATTON                                                     APPELLEE
  
  
------------
 
FROM 
COUNTY COURT AT LAW OF PARKER COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        In 
five issues, Appellant Petra Maureen Stratton (Petra) appeals from the trial 
court’s granting of her divorce from Appellee Charles Philip Stratton 
(Phil).  Because we hold that the trial court abused its discretion in 
determining the child support award, we remand this case for a new trial on 
child support only and affirm the remainder of the trial court’s judgment.
        In 
her first issue, Petra contends that the trial court abused its discretion in 
failing to award her a judgment for unpaid temporary support.  The table of 
contents of her appellate brief indicates that she also complains in this issue 
that the trial court abused its discretion by failing to award restitution for 
Phil’s unjust enrichment.  This subissue, however, does not appear in the 
issues presented section of the brief, nor is it argued in the brief.  We 
shall therefore not address it.[2]
        Further, 
Petra has failed to preserve her first issue.  To preserve a complaint for 
our review, a party must have presented to the trial court a timely request, 
objection, or motion that states the specific grounds for the desired ruling, if 
they are not apparent from the context of the request, objection, or motion.[3] If a party fails to do this, error is not preserved, and 
the complaint is waived.[4]  Without a proper 
presentation of the alleged error to the trial court, a party does not afford 
the trial court the opportunity to correct the error.[5]
        Petra 
does not direct us to any place in the record where she requested a judgment for 
unpaid temporary support.  The record before us does not contain a motion 
to enforce or a motion to confirm the arrearage.  The fraud and unjust 
enrichment allegations in Petra’s last amended counterpetition are not 
synonymous with a motion to enforce or confirm the arrearage.[6]  
Without a properly filed and served motion, Phil never had an opportunity to 
raise any affirmative defenses.[7]  Importantly, 
the trial court did not have an opportunity to rule on the issue.  
Consequently, Petra has failed to preserve error, if any.  We overrule her 
first issue.
        In 
her fourth issue, Petra complains that the trial court abused its discretion in 
failing to award her statutory maintenance.  The evidence shows that she 
had been a registered dietician, making $28 per hour when she worked full time, 
that she quit her job because she did not like it and wanted to stay home with 
her toddler, that she returned to the workforce in the field of interior design, 
where she had the potential to make $100,000 per year, that her earnings 
structure switched from partial salary/partial commission to 100% commission in 
the week before the trial began, and that she limited her search for more 
lucrative or stable positions to responding to blind advertisements in the 
newspaper for sales positions.  The evidence also shows that the couple’s 
minor son was healthy and that Petra had no physical or mental disability that 
would interfere with her working full time.
        The 
relevant provisions of section 8.051 of the Texas Family Code provide that the 
trial court may order spousal maintenance only if:
  
the duration of the marriage was 10 years or longer, the spouse seeking 
maintenance lacks sufficient property, including property distributed to the 
spouse under this code, to provide for the spouse's minimum reasonable needs, as 
limited by Section 8.054, and the spouse seeking maintenance:
 
(A) 
is unable to support himself or herself through appropriate employment because 
of an incapacitating physical or mental disability;
 
(B) 
is the custodian of a child who requires substantial care and personal 
supervision because a physical or mental disability makes it necessary, taking 
into consideration the needs of the child, that the spouse not be employed 
outside the home; or
 
(C) 
clearly lacks earning ability in the labor market adequate to provide support 
for the spouse's minimum reasonable needs, as limited by Section 8.054.[8]

        For 
a spouse without an incapacitating physical or mental disability, it is presumed 
that spousal maintenance is not warranted unless he or she has diligently sought 
suitable employment or diligently developed the necessary skills to become 
self-supporting during the pendency of separation and divorce.[9]
        While 
the evidence demonstrates that the marriage lasted more than ten years and that 
the assets awarded Petra would not be sufficient alone to satisfy her minimum 
reasonable needs, it does not show that she had an incapacitating physical or 
mental disability, that her child had a physical or mental disability, or that 
she “clearly lacks earning ability in the labor market adequate to provide 
support” for her minimum reasonable needs.  Consequently, the trial court 
did not abuse its discretion by denying spousal maintenance.  We overrule 
Petra’s fourth issue.
        In 
her fifth issue, Petra complains that the trial court abused its discretion in 
requiring her to complete her entire case in 135 minutes and in excluding her 
testimony as well as that of other witnesses because the time limit had 
expired.  We note that the record shows that in addition to the original 
135 minutes, Petra received two extensions of time to finish her portion of the 
case.  Petra did not file a bill of exception.[10]  
Apparently as an offer of proof,[11] Petra’s lawyer 
stated the following for the record at the end of her second extension of time:
  
I would respond to the statements of Mr. Stratton that — about the reasons for 
the lack of intimate relations between the parties.
 
I 
would respond to the question about Fun Time and demonstrate to the Court that 
Fun Time is a business that is yet to turn a profit of any kind, and it’s a 
business operated by Petra Stratton’s mother, and Petra Stratton is not paid 
for the times when she helps her mother out, and that it is not a regular job.
 
I 
would show the Court . . . that the amounts that Mr. Stratton has listed were 
all amounts he was ordered to pay in the temporary orders; and he was also 
ordered to pay the house payment and some other matters, and those are the ones 
that he did not pay.
 
I 
would respond to the fact that he’s claimed he’s pa[i]d medical bills for 
her when, in fact, she has medical bills that are unpaid that she can’t even 
put on a credit card because he’s maxed them out.
 
I 
would put on evidence concerning the statements that Mr. Stratton has made 
concerning the amount of equity in the house.
 
I 
would put on statements that Mr. Stratton has made to people who are witnesses 
who are here in the courtroom today concerning his claim that his attorney has 
special influence with this Court and has been — and has been in and made ex-parte 
communications with the Court, which, Your Honor, I tell you I don’t 
believe.  But they are the kinds of — the kinds of things that are 
intended to be intimidating to witnesses and to the other party, and I wanted to 
complain to the Court about those.
 
There 
is also additional testimony that I would offer concerning the reasons that the 
attorneys’ fees have been — are as high as they are in a case of this 
nature.
 
I 
would also offer the testimony of the parties’ marriage counselor concerning 
the nature of their relationship.  I have a witness here today who would 
testify concerning the mistreatment that Petra Stratton has received from Phil 
Stratton.
 
        Without 
addressing the adequacies and inadequacies of each statement in the offer of 
proof, we note that none of the statements would have preserved Petra’s first 
issue and no statement in this offer of proof relates to her remaining 
issues.  That is, we see no relationship, nor has Petra directed us to any, 
between Petra’s substantive issues on appeal and the limitations on the 
presentation of evidence. Consequently, even if the trial court had abused its 
discretion in limiting the length of the trial, which we do not hold, there 
would be no harm.[12]  We overrule Petra’s 
fifth issue.
        In 
her third issue, Petra contends that the trial court abused its discretion in 
awarding child support of $600.00 per month.  A trial court has discretion 
to set child support within the parameters established by the child support 
guidelines.[13]  A trial court's decision on 
child support will not be overturned absent an abuse of discretion.[14]  The trial court found that Phil’s gross monthly 
income was $3,936.49.  Our review of the complete record yields no evidence 
supporting this finding; consequently, no evidence supports the child support 
award, and the trial court abused its discretion in ordering monthly child 
support of $600.00.  We also note, however, based on our review of the 
entire record, that the evidence, what little there is of it, does not establish 
as a matter of law the larger figures suggested in Petra’s appellate brief for 
gross employment income and a proper award of child support, not only because 
the scant evidence offered by Phil belies Petra’s claims, but also because 
Petra relies on evidence of gross revenue rather than net income, both at trial 
and in her brief.  We therefore sustain Petra’s third issue in part but 
cannot render a judgment for child support in the amount she requests.  The 
resolution of Petra’s second issue, in which she contends that the trial court 
abused its discretion by allowing Phil to introduce evidence pertaining to child 
support, could yield no greater relief than our disposition of this issue; we 
therefore do not address her second issue.[15]
        Petra 
has filed a motion for sanctions in this court based on her contention that Phil 
misrepresented the status of his bankruptcy proceedings to this court to delay 
resolution of the appeal.  As the Texas Supreme Court has stated,
  
Courts possess inherent power to discipline an attorney's behavior.  See 
Lawrence v. Kohl, 853 S.W.2d 697, 700 (Tex. App.—Houston [1st Dist.] 1993, 
no writ) (holding that trial courts have the power to sanction parties for bad 
faith abuse of the judicial process not covered by rule or statute); Kutch v. 
Del Mar College, 831 S.W.2d 506, 509-10 (Tex. App.—Corpus Christi 1992, no 
writ) (same); see also Public Util. Comm'n v. Cofer, 754 S.W.2d 121, 124 
(Tex. 1988) (recognizing the inherent power of courts to ensure an adversarial 
proceeding); Eichelberger v. Eichelberger, 582 S.W.2d 395, 398-99 (Tex. 
1979) (recognizing that a court has inherent power ‘which it may call upon to 
aid in the exercise of its jurisdiction, in the administration of justice, and 
in the preservation of its independence and integrity’).  A court has the 
inherent power to impose sanctions on its own motion in an appropriate case.[16]

 
        After 
this case was submitted in January 2003, it was suspended in August 2003 pending 
bankruptcy.  However, as Petra points out in her motion, Phil filed for 
bankruptcy in December 2002.  Phil’s former appellate counsel did not 
mention the bankruptcy proceedings in his appellate brief filed in January 
2003.  Similarly, the bankruptcy was officially closed six weeks before 
Phil’s former appellate counsel filed a suggestion of bankruptcy with this 
court.  Petra filed her motion for sanctions at least one month after 
learning of the bankruptcy’s closure.  We solicited and received a 
response from Phil, who now represents himself pro se.  Phil claims that he 
filed for bankruptcy because he had to and not to delay the resolution of this 
case.  While we do not condone conduct by any attorney or litigant designed 
to delay the resolution of an appeal, we cannot conclude from the record before 
us that Phil or his former appellate counsel intentionally misled this court or 
Petra.  We therefore deny the motion.
        Having 
sustained Petra’s third issue, we remand this case for a new trial on the 
issue of child support only and affirm the remainder of the judgment.
  
  
                                                                           LEE 
ANN DAUPHINOT
                                                                           JUSTICE
   
 
PANEL 
A:   CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.
 
DELIVERED: 
October 7, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
See Tex. R. App. P. 
38.1(e), (h).
3.  
Tex. R. App. P. 33.1(a); see 
also Tex. R. Evid. 103(a)(1).
4.  
Bushell v. Dean, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh’g).
5.  
Luna v. S. Pac. Transp. Co., 724 S.W.2d 383, 384 (Tex. 1987); McCain 
v. NME Hosps., Inc., 856 S.W.2d 751, 755 (Tex. App.—Dallas 1993, no 
writ).
6.  
See Tex. Fam. Code Ann. § 
157.002 (Vernon 2002) (providing necessary contents of motion to enforce); id. 
§ 157.263 (Vernon Supp. 2004-05) (requiring motion to enforce to request 
confirmation of arrearages); Ernst & Young, L.L.P. v. Pac. Mut. 
Life Ins. Co., 51 S.W.3d 573, 577 (Tex. 2001) (providing elements of fraud); 
Heldenfels Bros., Inc. v. City of Corpus Christi, 832 S.W.2d 39, 
41 (Tex. 1992) (providing elements of unjust enrichment).
7.  
See Tex. Fam. Code Ann. § 
157.008 (Vernon 2002).
8.  
Id. § 8.051(2) (Vernon Supp. 2004-05).
9.  
Id. § 8.053.
10.  
See Tex. R. App. P. 33.2.
11.  
See Tex. R. Evid. 
103(a)(2), (b).
12.  
See Tex. R. App. P. 44.1.
13.  
Tex. Fam. Code Ann. § 154.05(a) 
(Vernon Supp. 2004-05).
14.  
Rodriguez v. Rodriguez, 860 S.W.2d 414, 415 (Tex. 1993).
15.  
See Tex. R. App. P. 47.4.
16.  
In re Bennett, 960 S.W.2d 35, 40 (Tex. 1997), cert denied, In 
re Hilliard, 525 U.S. 823 (1998).