PETRA MAUREEN STRATTON V. CHARLES PHILIP STRATTON

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-205-CV

PETRA MAUREEN STRATTON APPELLANT

V.

CHARLES PHILIP STRATTON APPELLEE

------------

FROM COUNTY COURT AT LAW OF PARKER COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In five issues, Appellant Petra Maureen Stratton (Petra) appeals from the trial court’s granting of her divorce from Appellee Charles Philip Stratton (Phil).  Because we hold that the trial court abused its discretion in determining the child support award, we remand this case for a new trial on child support only and affirm the remainder of the trial court’s judgment.

In her first issue, Petra contends that the trial court abused its discretion in failing to award her a judgment for unpaid temporary support.  The table of contents of her appellate brief indicates that she also complains in this issue that the trial court abused its discretion by failing to award restitution for Phil’s unjust enrichment.  This subissue, however, does not appear in the issues presented section of the brief, nor is it argued in the brief.  We shall therefore not address it.
(footnote: 2)
 Further, Petra has failed to preserve her first issue.  To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion.
(footnote: 3)  If a party fails to do this, error is not preserved, and the complaint is waived.
(footnote: 4)  Without a proper presentation of the alleged error to the trial court, a party does not afford the trial court the opportunity to correct the error.
(footnote: 5)
 Petra does not direct us to any place in the record where she requested a judgment for unpaid temporary support.  The record before us does not contain a motion to enforce or a motion to confirm the arrearage.  The fraud and unjust enrichment allegations in Petra’s last amended counterpetition are not synonymous with a motion to enforce or confirm the arrearage.
(footnote: 6)  Without a properly filed and served motion, Phil never had an opportunity to raise any affirmative defenses.
(footnote: 7)  Importantly, the trial court did not have an opportunity to rule on the issue.  Consequently, Petra has failed to preserve error, if any.  We overrule her first issue.

In her fourth issue, Petra complains that the trial court abused its discretion in failing to award her statutory maintenance.  The evidence shows that she had been a registered dietician, making $28 per hour when she worked full time, that she quit her job because she did not like it and wanted to stay home with her toddler, that she returned to the workforce in the field of interior design, where she had the potential to make $100,000 per year, that her earnings structure switched from partial salary/partial commission to 100% commission in the week before the trial began, and that she limited her search for more lucrative or stable positions to responding to blind advertisements in the newspaper for sales positions.  The evidence also shows that the couple’s minor son was healthy and that Petra had no physical or mental disability that would interfere with her working full time.

The relevant provisions of section 8.051 of the Texas Family Code provide that the trial court may order spousal maintenance only if:

the duration of the marriage was 10 years or longer, the spouse seeking maintenance lacks sufficient property, including property distributed to the spouse under this code, to provide for the spouse's minimum reasonable needs, as limited by Section 8.054, and the spouse seeking maintenance:

(A) is unable to support himself or herself through appropriate employment because of an incapacitating physical or mental disability;

(B) is the custodian of a child who requires substantial care and personal supervision because a physical or mental disability makes it necessary, taking into consideration the needs of the child, that the spouse not be employed outside the home; or

(C) clearly lacks earning ability in the labor market adequate to provide support for the spouse's minimum reasonable needs, as limited by Section 8.054.
(footnote: 8)

For a spouse without an incapacitating physical or mental disability, it is presumed that spousal maintenance is not warranted unless he or she has diligently sought suitable employment or diligently developed the necessary skills to become self-supporting during the pendency of separation and divorce.
(footnote: 9)   While the evidence demonstrates that the marriage lasted more than ten years and that the assets awarded Petra would not be sufficient alone to satisfy her minimum reasonable needs, it does not show that she had an incapacitating physical or mental disability, that her child had a physical or mental disability, or that she “clearly lacks earning ability in the labor market adequate to provide support” for her minimum reasonable needs.  Consequently, the trial court did not abuse its discretion by denying spousal maintenance.  We overrule Petra’s fourth issue.

In her fifth issue, Petra complains that the trial court abused its discretion in requiring her to complete her entire case in 135 minutes and in excluding her testimony as well as that of other witnesses because the time limit had expired.

We note that the record shows that in addition to the original 135 minutes, Petra received two extensions of time to finish her portion of the case.  Petra did not file a bill of exception.
(footnote: 10)  Apparently as an offer of proof,
(footnote: 11) Petra’s lawyer stated the following for the record at the end of her second extension of time:

I would respond to the statements of Mr. Stratton that — about the reasons for the lack of intimate relations between the parties.

I would respond to the question about Fun Time and demonstrate to the Court that Fun Time is a business that is yet to turn a profit of any kind, and it’s a business operated by Petra Stratton’s mother, and Petra Stratton is not paid for the times when she helps her mother out, and that it is not a regular job.

I would show the Court . . . that the amounts that Mr. Stratton has listed were all amounts he was ordered to pay in the temporary orders; and he was also ordered to pay the house payment and some other matters, and those are the ones that he did not pay.

I would respond to the fact that he’s claimed he’s pa[i]d medical bills for her when, in fact, she has medical bills that are unpaid that she can’t even put on a credit card because he’s maxed them out.

I would put on evidence concerning the statements that Mr. Stratton has made concerning the amount of equity in the house.

I would put on statements that Mr. Stratton has made to people who are witnesses who are here in the courtroom today concerning his claim that his attorney has special influence with this Court and has been — and has been in and made ex-parte communications with the Court, which, Your Honor, I tell you I don’t believe.  But they are the kinds of — the kinds of things that are intended to be intimidating to witnesses and to the other party, and I wanted to complain to the Court about those.

There is also additional testimony that I would offer concerning the reasons that the attorneys’ fees have been — are as high as they are in a case of this nature.

I would also offer the testimony of the parties’ marriage counselor concerning the nature of their relationship.  I have a witness here today who would testify concerning the mistreatment that Petra Stratton has received from Phil Stratton.

Without addressing the adequacies and inadequacies of each statement in the offer of proof, we note that none of the statements would have preserved Petra’s first issue and no statement in this offer of proof relates to her remaining issues.  That is, we see no relationship, nor has Petra directed us to any, between Petra’s substantive issues on appeal and the limitations on the presentation of evidence.  Consequently, even if the trial court had abused its discretion in limiting the length of the trial, which we do not hold, there would be no harm.
(footnote: 12)  We overrule Petra’s fifth issue.

In her third issue, Petra contends that the trial court abused its discretion in awarding child support of $600.00 per month.  A trial court has discretion to set child support within the parameters established by the child support guidelines.
(footnote: 13)  A trial court's decision on child support will not be overturned absent an abuse of discretion.
(footnote: 14)  The trial court found that Phil’s gross monthly income was $3,936.49.  Our review of the complete record yields no evidence supporting this finding; consequently, no evidence supports the child support award, and the trial court abused its discretion in ordering monthly child support of $600.00.  We also note, however, based on our review of the entire record, that the evidence, what little there is of it, does not establish as a matter of law the larger figures suggested in Petra’s appellate brief for gross employment income and a proper award of child support, not only because the scant evidence offered by Phil belies Petra’s claims, but also because Petra relies on evidence of gross revenue rather than net income, both at trial and in her brief.  We therefore sustain Petra’s third issue in part but cannot render a judgment for child support in the amount she requests.  The resolution of Petra’s second issue, in which she contends that the trial court abused its discretion by allowing Phil to introduce evidence pertaining to child support, could yield no greater relief than our disposition of this issue; we therefore do not address her second issue.
(footnote: 15)
 Petra has filed a motion for sanctions in this court based on her contention that Phil misrepresented the status of his bankruptcy proceedings to this court to delay resolution of the appeal.  As the Texas Supreme Court has stated,

Courts possess inherent power to discipline an attorney's behavior.  
See Lawrence v. Kohl
, 853 S.W.2d 697, 700 (Tex. App.—Houston [1st Dist.] 1993, no writ) (holding that trial courts have the power to sanction parties for bad faith abuse of the judicial process not covered by rule or statute); 
Kutch v. Del Mar College
, 831 S.W.2d 506, 509-10 (Tex. App.—Corpus Christi 1992, no writ) (same); 
see also Public Util. Comm'n v. Cofer
, 754 S.W.2d 121, 124 (Tex. 1988) (recognizing the inherent power of courts to ensure an adversarial proceeding); 
Eichelberger v. Eichelberger
, 582 S.W.2d 395, 398-99 (Tex. 1979) (recognizing that a court has inherent power ‘which it may call upon to aid in the exercise of its jurisdiction, in the administration of justice, and in the preservation of its independence and integrity’).  A court has the inherent power to impose sanctions on its own motion in an appropriate case.
(footnote: 16)

After this case was submitted in January 2003, it was suspended in August 2003 pending bankruptcy.  However, as Petra points out in her motion, Phil filed for bankruptcy in December 2002.  Phil’s former appellate counsel did not mention the bankruptcy proceedings in his appellate brief filed in January 2003.  Similarly, the bankruptcy was officially closed six weeks 
before
 Phil’s former appellate counsel filed a suggestion of bankruptcy with this court.  Petra filed her motion for sanctions at least one month after learning of the bankruptcy’s closure.  We solicited and received a response from Phil, who now represents himself pro se.  Phil claims that he filed for bankruptcy because he had to and not to delay the resolution of this case.  While we do not condone conduct by any attorney or litigant designed to delay the resolution of an appeal, we cannot conclude from the record before us that Phil or his former appellate counsel intentionally misled this court or Petra.  We therefore deny the motion.

Having sustained Petra’s third issue, we remand this case for a new trial on the issue of child support only and affirm the remainder of the judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DELIVERED:  October 7, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See 
Tex. R. App. P.
 38.1(e), (h).

3:
Tex. R. App. P.
 33.1(a); 
see also
 
Tex. R. Evid.
 103(a)(1).

4:
Bushell v. Dean
, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh’g).

5:
Luna v. S. Pac. Transp. Co.
, 724 S.W.2d 383, 384 (Tex. 1987); 
McCain v. NME Hosps.
,
 Inc.
, 856 S.W.2d 751, 755 (Tex. App.—Dallas 1993, no writ).

6:
See
 
Tex. Fam. Code Ann.
 § 157.002 (Vernon 2002) (providing necessary contents of motion to enforce); 
id. § 
157.263 (Vernon Supp. 2004-05) (requiring motion to enforce to request confirmation of arrearages); 
Ernst & Young
, 
L.L.P. v. Pac. Mut. Life Ins. Co.
, 51 S.W.3d 573, 577 (Tex. 2001) (providing elements of fraud); 
Heldenfels Bros.
,
 Inc. v. City of Corpus Christi
, 832 S.W.2d 39, 41 (Tex. 1992) (providing elements of unjust enrichment).

7:
See 
Tex. Fam. Code Ann.
 § 157.008 (Vernon 2002).

8:
Id.
 § 8.051(2) (Vernon Supp. 2004-05).

9:
Id.
 § 8.053.

10:
See
 
Tex. R. App. P.
 33.2.

11:
See
 
Tex. R. Evid.
 103(a)(2), (b).

12:
See
 
Tex. R. App. P.
 44.1.

13:
Tex. Fam. Code Ann.
 § 154.05(a) (Vernon Supp. 2004-05).

14:
Rodriguez v. Rodriguez
, 860 S.W.2d 414, 415 (Tex. 1993).

15:
See
 
Tex. R. App. P.
 47.4.

16:
In re Bennett
, 960 S.W.2d 35, 40 (Tex. 1997), 
cert denied
, 
In re Hilliard
, 525 U.S. 823 (1998).