Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


★   ★   ★   ★          ★   ★   ★



## OPINION

No. 04-11-00137-CV

**IN RE** Francisco J. **MARTINEZ**

Original Mandamus Proceeding[1]

Opinion by:     Marialyn Barnard, Justice

Sitting:        Karen Angelini, Justice
                Sandee Bryan Marion, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  June 15, 2011

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

On February 17, 2011, relator Francisco J. Martinez filed a petition for writ of mandamus, complaining of the trial court's order holding Martinez in contempt of court. We conditionally grant mandamus relief.

## BACKGROUND

Relator Francisco J. Martinez is the attorney for the defendant David Garza in the underlying suit. On September 9, 2010, the trial court held a hearing on the entry of the judgment following a jury trial. During the hearing, Reno Gonzalez, attorney for plaintiffs and real parties in interest Oscar Garcia and Jose Elias Pena, read the agreed figures regarding the award into the record, specifying there was an outstanding balance of court costs and interest of

---

[1] This proceeding arises out of Cause No. CC-08-93, styled *Oscar Garcia and Jose Elias Peña v. David Garza*, pending in the County Court at Law, Starr County, Texas, the Honorable Romero Molina presiding.

$1,195.67 and "that check is to be tendered . . . within 30 days." However, the final judgment was not signed by the trial court until October 19, 2010. On November 3, 2010, Gonzalez filed a motion for contempt against Martinez "for failure to render payment in the amount set out in the agreed judgment including interests and any costs." On November 15, 2010, Martinez submitted the outstanding amount to Gonzalez. On December 9, 2010, the trial court held a hearing on the motion for contempt, and subsequently signed an order finding Martinez in contempt of court and ordered him to pay $1,500 in attorney's fees. This petition for writ of mandamus ensued.

## ANALYSIS

Mandamus is the proper mechanism to review a contempt order, like the one here, that does not impose incarceration as a punishment. *In re Long*, 984 S.W.2d 623, 625 (Tex. 1999).[2] In this case, the motion for contempt sought to hold Martinez in contempt for failure to comply with the agreed final judgment that was read into the record on September 9, 2010, which he alleges required Martinez to pay the outstanding amount of the judgment within 30 days of September 9, 2010. The order finding Martinez in contempt provides: "It is therefore ordered that David Garzas' Attorney Francisco J. Martinez of Dietz & Associates comply with the Court's Order regarding Final Judgment."

The contempt alleged in this case is classified as constructive contempt because it occurred outside the trial court's presence. *See Ex parte Chambers*, 898 S.W.2d 257, 259 (Tex. 1995). In a constructive contempt case, "[t]he contempt order must clearly state in what respect the trial court's earlier order has been violated." *Ex parte Shaklee*, 939 S.W.2d 144, 145 (Tex. 1997). "A contempt order cannot contain uncertainty or susceptibility of more than one construction or meaning." *In re Green*, 221 S.W.3d 645, 649 (Tex. 2007). In the case at hand,

---

[2] Garcia and Pena assert a direct appeal and not a petition for writ of mandamus is the remedy Martinez must pursue in this case. However, Garcia and Pena fail to cite to any case law to support this argument.

the order fails to satisfy these requirements. The language used in the contempt order, requiring Martinez to "comply with the Court's Order regarding final judgment," makes it unclear if the trial court was holding Martinez in contempt for failing to comply with the agreed judgment read into the record or the final written judgment. The order also fails to state in what respect Martinez violated a trial court order. Therefore, we conclude the order is void. *See Ex parte Shaklee*, 939 S.W.2d at 145.[3]

In addition, the trial court awarded Garcia and Pena $1,500 in attorney's fees in the contempt order.[4] In Texas, it is well established that, absent contractual or statutory authority, a trial court lacks authority to award attorney's fees based on a finding of contempt. *See Equitable Trust Co. v. Lyle*, 627 S.W.2d 824, 826 (Tex. App.—San Antonio 1982, writ ref'd n.r.e.); *see also Dallas Cnty. Constable Precinct 5 v. KingVision Pay-Per-View, Ltd.*, 219 S.W.3d 602, 610 (Tex. App.—Dallas 2007, no pet.); *Kennedy v. Kennedy*, 125 S.W.3d 14, 19 n.4 (Tex. App.—Austin 2002, pet. denied); *In re Neidert*, 583 S.W.2d 461, 462 (Tex. App.—Amarillo 1979, no writ). Contempt proceedings are by definition limited to monetary fines or incarceration. *See* GOV'T CODE § 21.002 (West 2004). Garcia and Pena do not plead a statute nor rely on a contract that would authorize attorney's fees. Therefore, we conclude the trial court was without authority to award attorney's fees based on the finding of contempt.

---

[3] Without a clear order as to the basis for finding Martinez in contempt, we do not address Martinez' arguments that: (1) any finding of contempt based on the agreed judgment read into the record was improper because it was not a written order; and (2) there was insufficient evidence to support the contempt finding.

[4] Garcia and Pena assert the $1,500 award was a "monetary sanction" in the form of attorney's fees. However, it is clear from the plain language of the trial court's order that the trial court was awarding Garcia and Pena attorney's fees and not sanctions. Furthermore, the motion for contempt and the arguments made to the trial court at the hearing make it clear that Garcia and Pena clearly sought attorney's fees based on the preparation of and hearing on the motion for contempt and not as sanctions against Martinez.

## CONCLUSION

We conclude the trial court clearly abused its discretion in granting the motion for contempt. Accordingly, we conditionally grant the petition for writ of mandamus. The trial court is ordered to withdraw its December 21, 2010 order granting the motion for contempt. The writ will issue only if the trial court fails to comply within fourteen days.

Marialyn Barnard, Justice