IN THE
TENTH COURT OF APPEALS



No. 10-11-00378-CV

ANTHONY E. GILL,

Appellant

v.

CLINT McRAE,

Appellee

From the 12th District Court
Walker County, Texas
Trial Court No. 25,576

MEMORANDUM OPINION

Anthony E. Gill, a former prison inmate, sued Clint McRae, the Sheriff of Walker County, for the Sheriff's alleged failure to levy on the property of Boyd Distribution Center[1] against which Gill had a writ of execution. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 34.065 (West 2008). McRae filed a motion for summary judgment which the trial court granted. Gill appeals.

In his first issue, Gill's complains that the trial court erred in granting summary judgment for McRae because McRae allegedly sought summary judgment on the basis

---

[1] The summary judgment evidence indicates this is a building, not an entity, and does not own property.

that Gill's petition failed to state a cause of action. Citing *Perry v. S.N.*, Gill contends a claim for failure to state a cause of action cannot be properly resolved by summary judgment proceedings. *Perry v. S.N.*, 973 S.W.2d 301 (Tex. 1998). *Perry* does not stand for this proposition. It does stand for the proposition, not pertinent to this proceeding, that a trial court may grant a motion for summary judgment for the plaintiff's failure to state a cause of action when special exceptions have been filed and the plaintiff has had an opportunity to, but does not, amend the petition. *Id*. at 303.

McRae did not move for summary judgment on the failure to state a cause of action. In a failure-to-levy case, such as this, after a plaintiff has made out a prima facie case, the burden shifts to the defendant to prove a defense or mitigation. *Dupree v. KingVision Pay-Per-View, Ltd.*, 219 S.W.3d 602, 607 (Tex. App.—Dallas 2007, no pet.). The judgment creditor seeking relief under this section, in this case, Gill, has the burden to prove:

(1)     the judgment creditor has a valid judgment against the judgment debtor;

(2)     the writ of execution was issued to the judgment creditor;

(3)     the writ was delivered to the officer;

(4)     the judgment creditor's judgment was unpaid and unsatisfied;

(5)     the property to be levied on was subject to execution;

(6)     the officer failed or refused to levy under the writ; and

(7)     the amount of actual damages suffered.

TEX. CIV. PRAC. & REM. CODE ANN. § 34.065 (b) (West 2008). McRae claimed Gill did not allege a prima facie case against him.

Nevertheless, even if we construe McRae's initial argument in his motion for summary judgment as an argument that Gill failed to state a cause of action in his petition, McRae also argued that he conclusively negated each of at least three essential elements of Gill's claim of failure-to-levy. Summary judgment on a defendant's motion is proper if the defendant conclusively negates at least one essential element of a plaintiff's cause of action. *See IHS Cedars Treatment Ctr. of Desoto, Texas, Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004); *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). Gill only pled one cause of action; that is, failure to levy. McRae moved for summary judgment on multiple grounds; that Gill failed to allege a prima facie case and that McRae conclusively negated each of at least three essential elements of Gill's claim. The trial court did not state the ground on which it based the summary judgment. "When the trial court does not specify the basis for its summary judgment, the appealing party must show it is error to base it on any ground asserted in the motion." *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995). Gill does not complain that the trial court erred in granting summary judgment on the basis that McRae negated at least one essential element of Gill's claim. Accordingly, Gill's first issue is overruled.

In his second issue, Gill contends that because he and McRae both filed motions for summary judgment, we should look "independently at all summary judgment evidence, pleadings, and questions presented to render proper judgment based solely upon the same." Gill fails to argue why the trial court should have granted his motion

or why the trial court should not have granted McRae's motion. It is Gill's burden to point out error by the trial court and brief it sufficiently. *See* TEX. R. APP. P. 38.8. This issue is improperly briefed and presents nothing for review. *Id*. Gill's second issue is overruled.

The trial court's order granting summary judgment is affirmed.

Absent a specific exemption, the Clerk of the Court must collect filing fees at the time a document is presented for filing. TEX. R. APP. P. 12.1(b); Appendix to TEX. R. APP. P., Order Regarding Fees (Amended Aug. 28, 2007, eff. Sept. 1, 2007). *See also* TEX. R. APP. P. 5; 10TH TEX. APP. (WACO) LOC. R. 5; TEX. GOV'T CODE ANN. §§ 51.207(b); 51.208 (West Supp. 2012); § 51.941(a) (West 2005). Under these circumstances, we suspend the rule and order the Clerk to write off all unpaid filing fees in this case. TEX. R. APP. P. 2. The write-off of the fees from the accounts receivable of the Court in no way eliminates or reduces the fees owed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed October 11, 2012
[CV06]