**CONDITIALLY GRANT; and Opinion Filed June 19, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00290-CV

### IN RE PATRICK DAUGHERTY, Relator

### AND

### PATRICK DAUGHERTY, Appellant
### V.
### HIGHLAND CAPITAL MANAGEMENT, L.P. AND CORNERSTONE HEALTHCARE GROUP HOLDINGS, INC., Appellees

**Original Proceeding and Appeal from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 12-04005**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Fillmore, and Stoddart
Opinion by Justice Fillmore

Following litigation between Patrick Daugherty and his former employer, Highland Capital

Management, L.P. (Highland), the trial court signed a permanent injunction prohibiting Daugherty

from disclosing Highland's confidential information. Three years later, Highland requested the

trial court hold Daugherty in contempt for violating the permanent injunction on three different

occasions. The trial court held Daugherty in contempt for three violations of the permanent

injunction, sentenced Daugherty to a total of thirty-eight days in jail, and assessed a fine of $500

per violation. Highland subsequently filed a motion for sanctions, requesting that the trial court

award Highland the attorneys' fees it incurred due to Daugherty's three violations of the permanent

injunction. The trial court granted the motion for sanctions and ordered Daugherty to pay Highland's attorneys' fees in the amount of $221,348.85.

In this consolidated original proceeding and appeal, we must decide whether the trial court abused its discretion by granting Highland's motion for sanctions.[1] We conclude the attorneys' fees awarded to Highland constitute punishment for criminal contempt that is not authorized by section 21.002 of the government code. *See* TEX. GOV'T CODE ANN. § 21.002(b) (West 2004). Accordingly, we conditionally grant Daugherty's petition for writ of mandamus and direct the trial court to vacate its order granting Highland's motion for sanctions. We dismiss Daugherty's appeal as moot.

**Background**

While employed by Highland, Daugherty signed at least three agreements that prohibited him from disclosing certain information belonging to Highland and its affiliates. After the employment relationship ended, Highland sued Daugherty, alleging Daugherty used or disclosed information covered by the agreements. A jury found in favor of Highland and, on July 14, 2014, the trial court signed a judgment ordering Daugherty to cease and desist from:

> [R]etaining, using, disclosing, publishing or disseminating Highland's (or its affiliates') confidential, proprietary, and/or privileged information, including but not limited to information concerning Highland's customers, clients, marketing, business and operational methods, contracts, financial data, technical data, e-mail, pricing, management methods, finances, strategies, systems, research, plans, reports, recommendations and conclusions, tear sheets, industry comparative analysis, Collateralized Loan Obligation (CLO) and other structured products, and names, arrangements with, or other information relating to Highland's (or its affiliates') customers, clients, suppliers, financiers, owners, and business prospects. Notwithstanding the foregoing, Daugherty may use or disclose the information described in this paragraph only as (i) required by law; or (ii) directed and authorized in writing by Highland.

---

[1] The appeal was initially filed as cause 05-18-00329-CV, *Patrick Daugherty v. Highland Capital Management, Inc. L.P. and Cornerstone Healthcare Group Holdings, Inc.*, but was consolidated into cause number 05-18-00290-CV, *In re Patrick Daugherty* by order dated June 13, 2018.

Since the entry of the permanent injunction, there has been ongoing litigation between Highland and Daugherty based on Highland's claims that Daugherty repeatedly violated the injunction.

As relevant to this appeal, on June 22, 2016, Daugherty left a handwritten letter at the home of Joshua Terry, whose employment with Highland had recently been terminated. In the letter, Daugherty offered to be a "potential witness – willing to tell the truth about how things really operated at Highland under the leadership of Dondero and Okada." Daugherty subsequently had conversations with Terry in July 2016, December 2016, and February or March 2017, in which Daugherty mentioned Highland.

On June 29, 2017, Highland deposed Terry in an arbitration proceeding between Terry and a Highland-affiliated fund, Acis Capital Management, L.P., and questioned him about his conversations with Daugherty. On July 20, 2017, Highland filed a supplemental motion to show cause,[2] alleging Daugherty violated the permanent injunction as a result of his communications with Terry. Highland requested the trial court (1) hold Daugherty in violation of the permanent injunction, (2) enter an order requiring Daugherty to appear before the trial court and show cause why he should not be held in contempt, and to provide "any and all emails, documents, and text messages exchanged by and between Daugherty and Mr. Terry, either directly or indirectly (including through counsel), and any telephone records, since June 22, 2016," (3) award Highland its reasonable and necessary attorneys' fees incurred in connection with the motion, and (4) enter any further sanctions against Daugherty that the trial court deemed appropriate.

The trial court heard Highland's supplemental motion to show cause on August 28, 2017. Highland argued the trial court could enforce its orders through criminal and civil contempt as well as through sanctions. At the close of evidence, Highland indicated it would put on evidence of the

---

[2] Highland filed a show cause motion on August 23, 2016, based on Daugherty allegedly disclosing Highland's confidential and proprietary business information to a reporter.

"attorney[s'] fees we've incurred in dealing with this" at a later time. The trial court questioned whether attorneys' fees were "recoverable in a show cause" and stated it would delay any consideration of Highland's request for attorneys' fees. The trial court found Daugherty in contempt for violating the permanent injunction as a result of his three conversations with Terry.

On September 18, 2017, the trial court held a hearing to determine the appropriate punishment for Daugherty's contempt. The trial court indicated it would not consider the attorneys' fees issue without a further motion from Highland. On September 25, 2017, the trial court signed a Judgment of Contempt and Order of Commitment, finding Daugherty violated the injunction as a result of his three conversations with Terry and assessing punishment of three days' confinement for the July 2016 violation, fourteen days' confinement for the December 2016 violation, twenty-one days' confinement for the February or March 2017 violation, and a $500 fine for each violation.

Highland filed a motion for sanctions on October 24, 2017. Highland requested that "sanctions be imposed to penalize Daugherty for his abuse of the judicial process and failure to comply" with the trial court's orders and that it "be awarded its reasonable attorneys' fee and costs incurred in connection with Daugherty's most recent violations" of the permanent injunction. Highland noted that, in its supplemental motion to show cause, it requested the trial court impose sanctions and award attorneys' fees and enter any further sanctions against Daugherty that it deemed appropriate.

At the hearing on its motion for sanctions, Highland stated it was "only asking for the fees related to the most recent conduct of Mr. Daugherty with respect to his communications with Mr. Terry and the numerous hearings and other proceedings" conducted by the trial court and that "[t]his is specifically related to the Terry issues and issues that [the trial court] heard specific testimony about in this courtroom." Although Highland requested an award of $226,343.85

"[r]elated to the Terry matter," Daugherty argued that there was at least $5,000 of time entries on the billing statements of Highland's attorneys not related to his contacts with Terry.

On January 3, 2018, the trial court signed an order granting Highland's motion for sanctions. The trial court found Daugherty had "on multiple occasions violated, circumvented, and disregarded the [injunction], as well as other orders" of the trial court and Daugherty's "conduct rises to the level of bad faith abuse of the judicial process by significantly interfering with [the trial court's] legitimate exercise of its core function." As to the appropriate sanction, the trial court found Highland had "been forced to expend hundreds of thousands of dollars as a result of Daugherty's misconduct and his efforts to conceal his misconduct, including $221,348.85 in attorney[s'] fees and costs incurred in connection with the conduct outlined" in the supplemental motion to show cause. Pursuant to its inherent authority, the trial court ordered Daugherty to pay Highland $221,348.85.

Daugherty filed this original proceeding seeking a writ of mandamus directing the trial court to vacate its sanctions order as well as an appeal from the sanctions order. Per our request, Highland filed a response to the petition. We consolidated Daugherty's appeal into this original proceeding.

### Mandamus Standard

To be entitled to mandamus relief, Daugherty must establish the trial court clearly abused its discretion and he lacks an adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). To determine if a party has an

adequate remedy by appeal, the appellate court asks whether "any benefits to mandamus review are outweighed by the detriments." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

## Discussion

We must first consider whether Daugherty has an adequate remedy by appeal that would preclude mandamus relief. "Contempt orders are generally not appealable and, as a result, no adequate remedy by appeal exists." *Barnes v. Barnes*, No. 05-16-00241-CV, 2018 WL 1026205, at *2 (Tex. App.—Dallas Feb. 23, 2018, no pet.) (mem. op.). Therefore, a party may seek relief from a contempt order that does not involve confinement through a petition for writ of mandamus. *In re Reece*, 341 S.W.3d 360, 370 (Tex. 2011) (orig. proceeding); *In re Long*, 984 S.W.2d 623, 625 (Tex. 1999) (orig. proceeding) (per curiam) ("Contempt orders that do not involve confinement cannot be reviewed by writ of habeas corpus, and the only possible relief is a writ of mandamus.").

However, when a trial court imposes monetary sanctions, the party generally has an adequate remedy by appeal after final judgment. *Street v. Second Court of Appeals*, 715 S.W.2d 638, 639–40 (Tex. 1986) (orig. proceeding) (per curiam); *In re United Med. Ctrs., P.A.*, No. 04-18-00257-CV, 2018 WL 2418447, at *1 (Tex. App.—San Antonio May 30, 2018, orig. proceeding) (per curiam); *see also Inner City Mgmt., Inc. v. City of Dallas*, No. 05-05-01618-CV, 2006 WL 242350, at *1 (Tex. App.—Dallas Feb. 2, 2006, no pet.) (per curiam) (mem. op.) ("A contempt order does not become appealable merely because it contains an award of attorney's fees as a sanction.").[3] Post-judgment monetary sanctions are final and appealable "when the sanctions are reduced to judgment and execution is authorized thereon." *Arndt v. Farris*, 633 S.W.2d 497,

---

[3] However, "[i]f the imposition of monetary sanctions threatens a party's continuation of the litigation, appeal affords an adequate remedy only if payment of the sanctions is deferred until final judgment is rendered and the party has the opportunity to supersede the judgment and perfect his appeal." *Braden v. Downey*, 811 S.W.2d 922, 929 (Tex. 1991) (orig. proceeding); *see also In re United Med. Ctrs., P.A.*, 2018 WL 2418447, at * 1.

500 n.5 (Tex. 1982) (orig. proceeding); *see also In re Corey*, No. 14-17-01001-CV, 2018 WL 315440, at *1 (Tex. App.—Houston [14th Dist.] Jan. 5, 2018, orig. proceeding) (per curiam).[4]

In this case, Highland's supplemental motion to show cause requested that the trial court find Daugherty violated the injunction as a result of his three conversations with Terry, hold Daugherty in contempt, award Highland the attorneys' fees it incurred in connection with the supplemental motion, and assess any further sanctions against Daugherty that the trial court deemed appropriate. During the hearing on the supplemental motion to show cause, Highland requested Daugherty be sentenced to confinement in jail for the violations of the permanent injunction. The trial court held Daugherty in contempt for violating the permanent injunction as a result of his three conversations with Terry, sentenced Daugherty to a period of confinement for each violation, and assessed a statutory fine for each violation.

Highland then filed a motion for sanctions requesting it be awarded the attorneys' fees it incurred in preparing, filing, and arguing the supplemental motion to show cause, the same relief it had previously sought in the supplemental motion. The trial court granted the motion for sanctions, specifically finding the sanctions were based on Daugherty's violation of the permanent injunction and awarding Highland the attorneys' fees it incurred "in connection with the conduct outlined in [the supplemental motion to show cause] and set forth in the [m]otion."

The record reflects the trial court held Daugherty in contempt for violating the permanent injunction as a result of his three conversations with Terry and punished Daugherty by sentencing him to confinement and ordering him to pay a fine. The sanctions order also punished Daugherty for the allegedly contemptuous conduct by ordering him to pay Highland's attorneys' fees. *See In re Martinez*, 377 S.W.3d 724, 726 n.4 (Tex. App.—San Antonio 2011, orig. proceeding)

---

[4] *See also Liptak v. Richard E. Colgin I, Ltd.*, No. 05-99-00583-CV, 2002 WL 1263981, at *3 (Tex. App.—Dallas June 7, 2002, pet. denied) (not designated for publication) ("[A] postjudgment monetary sanction is final and appealable 'when the sanctions are reduced to a judgment and execution is authorized thereon.'" (quoting *Arndt*, 633 S.W.2d at 500 n.5)).

(concluding attorneys' fees were awarded for contempt because motion for contempt and arguments in trial court made it clear that attorneys' fees were sought "based on the preparation of and hearing on the motion for contempt" and not as sanctions). Accordingly, Daugherty may seek relief from the sanctions order through mandamus. *See In re Rivas-Luna*, 528 S.W.3d 167, 169 (Tex. App.—El Paso 2017, orig. proceeding) (concluding mandamus was only remedy for contempt order requiring relator to pay attorneys' fees); *Ex parte Sealy*, 870 S.W.2d 663, 667 (Tex. App.—Houston [1st Dist.] 1994, orig. proceeding) (concluding that, when contempt is sanctioned by award of attorneys' fees, "mandamus is the only means to review such a sanction"); *see also In re Hereweareagain, Inc.*, 383 S.W.3d 703, 711 (Tex. App.—Houston [14th Dist.] 2012, orig. proceeding) (concluding relator was entitled to relief through mandamus from sanctions order rendered by trial court years after final judgment based on post-judgment violations of permanent injunction in final judgment).

We next turn to whether the trial court clearly abused its discretion by ordering Daugherty to pay Highland's attorneys' fees. Contempt is a "broad and inherent power of a court" and can be either civil or criminal in nature. *In re Reece*, 341 S.W.3d at 364, 365. "[C]riminal contempt is punitive in nature—'the contemnor is being punished for some completed act which affronted the dignity and authority of the court.'" *Id.* (quoting *Ex parte Werblud*, 536 S.W.2d 542, 545 (Tex. 1976) (orig. proceeding)). Criminal contempt may be punished by a fine of not more than $500 or confinement in the county jail for not more than six months, or both such a fine and confinement in jail. TEX. GOV'T CODE ANN. § 21.002(b).

Absent a contractual or statutory basis, a trial court lacks authority to award attorneys' fees based on a finding of contempt. *Dallas Cty. Constable Precinct 5 v. KingVision Pay-Per-View, Ltd.*, 219 S.W.3d 602, 610 (Tex. App.—Dallas 2007, no pet.); *In re Martinez*, 377 S.W.3d at 726. Here, section 21.002 did not authorize the trial court to order Daugherty to pay Highland's

attorneys' fees as punishment for criminal contempt. *See* TEX. GOV'T CODE ANN. § 21.002(b). Further, Highland did not rely on any contract that required Daugherty to pay its attorneys' fees. Therefore, the trial court was without authority to order Daugherty to pay Highland's attorneys' fees based on its finding Daugherty was in contempt. *See In re Martinez*, 377 S.W.3d at 726.

For these reasons, we conclude the trial court abused its discretion by granting Highland's October 24, 2017 motion for sanctions and Daugherty has no adequate remedy on appeal. Accordingly, we conditionally grant the writ of mandamus. We direct the trial court to vacate its January 3, 2018 order granting Highland's motion for sanctions. If the trial court fails to do so, the writ will issue. We dismiss Daugherty's appeal of the trial court's January 3, 2018 order granting Highland's motion for sanctions as moot.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

180290F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

No. 05-18-00290-CV

IN RE PATRICK DAUGHERTY, Relator

AND

PATRICK DAUGHERTY, Appellant

V.

HIGHLAND CAPITAL MANAGEMENT,
L.P. AND CORNERSTONE
HEALTHCARE GROUPS HOLDINGS,
INC., Appellees

On Appeal from the 68th Judicial District
Court, Dallas County, Texas,
Trial Court Cause No. 12-04005.
Opinion delivered by Justice Fillmore,
Justices Lang-Miers and Stoddart
participating.

In accordance with this Court's opinion of this date, the appeal portion of this consolidated original proceeding and appeal is **DISMISSED** as moot.

It is **ORDERED** that appellees bear the costs of this appeal.

Judgment entered this 19th day of June, 2018.